■ CRP/EXTELL PARCEL I, L.P., Appellant, v ANDREW M. CUOMO et al., Respondents. [2 NYS3d 116]—

Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered August 12, 2013, to the extent appealed from as limited by the briefs, awarding respondents purchasers 9% interest, with amounts specified for each purchaser, unanimously reversed, on the law, without costs, the judgment vacated, and the motion denied.

Following the dismissal of an underlying CPLR article 78 proceeding and this court's affirmance of the dismissal (101 AD3d 473 [1st Dept 2012]), the motion court entered money judgments in favor of respondents, representing statutory interest on the monies that the New York State Attorney General directed be returned to them (*see* CPLR 5001). Petitioner challenges both the jurisdictional and the substantive basis for the monetary award. Because we find that the motion court did not have jurisdiction to issue the money judgments after the underlying proceeding had been dismissed, we reverse without reaching the substantive issues regarding whether prejudgment interest calculated at the statutory rate was proper.

Petitioner CRP/Extell Parcel is the sponsor of newly constructed condominium units in the Rushmore Condominium. After petitioner failed to honor respondents' rights as purchas-

ers to rescind the purchase agreements if the first closing under the plan did not occur by a date certain, respondents filed complaints with the New York State Attorney General. The Attorney General issued an administrative determination directing petitioner and its escrow agent to release to respondents approximately $16 million in down payments, because the first unit sale failed to close by "September 1, 2008," the date set forth in the condominium's offering plan. The first closing did not occur until February 12, 2009. Although petitioner sought reformation of the offering plan and purchase agreements on the basis that the "2008" date was an unintended scrivener's error, and the intended deadline was actually "September 1, 2009," the Attorney General rejected that argument, finding no evidence that the earlier date (September 1, 2008) was contrary to the parties' intention.

Petitioner then filed this hybrid action challenging the Attorney General's determination pursuant to article 78 of the CPLR. It also sought reformation of the purchase agreements based on the claimed scrivener's error. In their answer to the petition, respondents demanded that petitioner and its escrow agent release the down payments to them "together with prejudgment interest." Respondents did not, however, assert any counterclaims seeking a money judgment for the unpaid down payments, or file a cross petition challenging the Attorney General's award in any manner.

The motion court dismissed the petition, directing that petitioner and its escrow agent return the down payments "together with any accumulated interest." We affirmed that order, and petitioner returned the down payments with the interest that accrued while the funds were in escrow. Notwithstanding the dismissal of this proceeding, the motion court entertained a postjudgment motion by respondents for "statutory interest" under CPLR 5001 and entered judgment for statutory, prejudgment interest as compensation for having been deprived of their monies.

CPLR 5001 (a) "mandates the award of interest to verdict in breach of contract actions" (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012] [citation omitted]) or where an act or omission deprives or interferes with title to, or possession or enjoyment of property (CPLR 5001 [a]). The interest award is to "compensate the wronged party for the loss of use of the money" (id.). Respondents, however, never asserted a breach of contract claim, or a claim for interference with property. Indeed, they made no affirmative claim for relief at all, but solely opposed the petition for reversal of the At-

torney General's determination that it was not entitled to reformation of the operative documents. To the extent they sought a release of the down payments in escrow with prejudgment interest, that request simply tracked the direction of the Attorney General and did not, from any pleading point of view, seek resolution of any dispute regarding the applicable interest rate or amount of interest owed. The request for statutory interest was, therefore, not fairly raised in the underlying pleadings which did not contain a counterclaim for, or make a specific reference to, interest under CPLR 5001. There was no basis for the motion court to award interest after we affirmed dismissal of the action.

In an article 78 proceeding the court's review is limited to whether the action taken was in violation of lawful procedure, was affected by error of law, was arbitrary or capricious, or was on abuse of discretion. Although petitioner asserted plenary claims in this hybrid action, the relief was for a stay of the Attorney General's determination and reformation of the contract, both of which are contradictory to purchasers' goals of enforcing the agreement, as written, allowing them to recover their down payments. Consequently, the motion court exceeded its jurisdiction by deciding the parties' dispute regarding a proper rate of interest after the action had been fully resolved. Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ.